EMPIRE BUILDERS SUPPLY CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19108.   Promulgated June 20, 1929.

*Basil Robillard, Esq.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.

OPINION.

MORRIS: Two questions are raised by this proceeding, both of which relate to the value of the leasehold, the one for invested capital, and the other for exhaustion purposes. The petitioner contends that the value of the lease when acquired should be included in its invested capital. Respondent contends that section 331 of the Revenue Act

of 1918 limits the amount which petitioner may include in its invested capital and that since the lease was acquired subsequent to March 1, 1913, cost is the proper basis for determining the deduction for exhaustion. The pleadings raise no question as to the life of the lease, and counsel on brief have contended that any value determined therefor should be exhausted over a 30-year life.

We have found as a fact that the leasehold when acquired had a value of not less than $153,051.86, so that the next question to determine is whether this amount may be included in invested capital. Respondent has computed invested capital by allowing a value for the lease of $53,051.86, and he asserts that section 331 limits the petitioner to this value. Section 331 of the Revenue Act of 1918 provides as follows:

In the case of the reorganization, consolidation, or change of ownership of a trade or business, or change of ownership of property, after March 3, 1917, if an interest or control in such trade or business or property of 50 per centum or more remains in the same persons, or any of them, then no asset transferred or received from the previous owner shall, for the purpose of determining invested capital, be allowed a greater value than would have been allowed under this title in computing the invested capital of such previous owner if such asset had not been so transferred or received: *Provided,* That if such previous owner was not a corporation, then the value of any asset so transferred or received shall be taken at its cost of acquisition (at the date when acquired by such previous owner) with proper allowance for depreciation, impairment, betterment or development, but no addition to the original cost shall be made for any charge or expenditure deducted as expense or otherwise on or after March 1, 1913, in computing the net income of such previous owner for purposes of taxation.

The transfer to petitioner occurred after March 3, 1917, and, since by the ownership of a majority of the voting stock of the petitioner an interest or control in the lease of more than 50 per centum remained in the same persons, the above quoted section is applicable, and the respondent's determination on this point is approved. *Union Credit Reporting Co.,* 6 B. T. A. 600.

The second issue relates to the deduction for exhaustion of the lease on the Sugar Street dock. Under the provisions of section 234 (a) (7) of the Revenue Act of 1918 the deduction for exhaustion, wear and tear of property allowed to a taxpayer in the case of property acquired subsequent to March 1, 1913, is computed on the basis of cost. *The Farmers Grain Co.,* 1 B. T. A. 605. As the petitioner acquired the lease subsequent to November 1, 1913, the question to be determined is the amount to be recognized as its cost. The cost of an asset to a corporation when it is acquired for its capital stock is the fair market value of the stock issued therefor, and in a number of cases, where practically only one asset was owned by the corporation, and that was acquired by the issuance of capital stock we have taken the fair market value of the asset at the date of acquisition as

the basis for exhaustion. *Hotel De France*, 1 B. T. A. 28; *Opperman Coal Co.*, 6 B. T. A. 1215. Such basis was used on the theory that the fair market value of the asset reflected the fair market value of the stock.

In the instant case the petitioner introduced evidence to establish the fair market value of the lease at the date of acquisition, and we are satisfied from such evidence that the lease had the value contended for. In the absence of sales of the petitioner's stock at or near the date or organization, there are other factors which must be considered in determining the fair market value of the stock. In addition to the lease, the petitioner acquired from the River Sand Co. assets having a depreciated cost as of June 1, 1919, of $46,948.14. It acquired from the Mitchell Builders Supply Co. for 1,100 shares of its capital stock, the assets of that company. No evidence was introduced as to the nature or value of those assets. It is therefore impossible to determine the fair market value of the stock at the date of its issuance for the assets or that the cost of the lease was in excess of the amount allowed by the respondent. The respondent's determination of the exhaustion thereon for the taxable year is accordingly approved.

*Judgment will be entered for the respondent.*